STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROLLER
2022 OK 2
502 P.3d 1098
Case Number: SCBD-6907
Decided: 01/10/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 2, 502 P.3d 1098

 
 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MICHELLE ANN ROLLER, Respondent.

ORDER APPROVING RESIGNATION 
PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is (1) the affidavit of Respondent Michelle Ann Roller filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, requesting that this Court allow her to resign her membership in the Oklahoma Bar Association (OBA) and relinquish her right to practice law, (2) the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings, and (3) the OBA's Application to Assess Costs.

¶2 THE COURT FINDS AND HOLDS:

a. On September 25, 2013, the OBA admitted Roller to membership. On November 30, 2021, the OBA filed with this Court Roller's affidavit of resignation pending disciplinary proceedings. Roller executed her affidavit on November 3, 2021.

b. Roller's affidavit of resignation reflects that (a) she freely and voluntarily rendered her resignation; (b) she was not subject to coercion or duress; and, (c) she was fully aware of the consequences of submitting her resignation.

c. Roller is aware that on March 20, 2020, the OBA initiated a disciplinary proceeding against her pursuant to Rule 6, RGDP, in State of Oklahoma ex rel. Oklahoma Bar Association v. Michelle Ann Roller, SCBD No. 6907. Roller is also aware the OBA filed a six-count Amended Complaint on August 20, 2021. A summary of the six grievances is as follows:

1. The Roman matter involved incompetence and neglect of her client's case in preparing a Qualified Domestic Relations Order (QDRO). Roller's incompetence and neglect caused her client financial difficulty over the course of two years that it took for Roller to resolve the matter. The Professional Responsibility Commission voted to offer Roller a dismissal of the grievance against her with a letter of admonition, conditioned upon her successful completion of the attorney diversion program. Within four months of executing the attorney diversion program contract, the OBA received a new grievance against Roller. The Professional Responsibility Commission determined that Roller materially breached the terms of her contract and voted to file formal charges against her.

2. The Cabelka matter involved a conflict of interest in representing a prisoner (a known member of a prison gang) after having previously represented his common-law wife, a named co-defendant, in a criminal matter concerning the murder of a prison guard. Roller previously represented the prisoner in other criminal matters. Roller eventually withdrew from her representation of the wife and filed an entry of appearance on behalf of the prisoner. The wife never agreed for Roller to represent the prisoner, a co-defendant, and Roller never obtained permission from the wife to waive confidentiality or the conflict of interest. The wife agreed to cooperate with authorities and testify against her husband in the matter concerning the prison guard murder. Roller attempted to have the wife change her testimony and showed the wife a letter from the prisoner, which was threatening in nature.

3. The Ramos matter involved a custody and visitation case wherein the district court continued a hearing on a motion to enforce because Roller did not dress appropriately in courtroom attire, and the client had to miss a day of work due to Roller's unprofessional conduct. The district court had previously denied Roller access to the courtroom because she dressed inappropriately. Further, Roller's representation contract with Ramos stated that Roller deemed her fees earned upon receipt to assure her availability in the matter, which was not appropriate under the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch. 1, app. 3-A.

4. The Pena matter involved an uncontested divorce where Roller had previously represented the wife. The husband believed that Roller was to mediate the matter and file the divorce once the parties reached an agreement. Roller did not advise the parties about the conflict of interest nor obtained a waiver from the husband or wife. There was also no contract for representation signed by either the husband or wife. When the parties could not reach an agreement, the husband requested that Roller move forward with the divorce, and he paid half of the retainer quoted by Roller. However, Roller failed to perform any work on the matter, and the husband demanded a refund. Roller failed to refund the unearned fees, and she charged for work she never completed.

5. The Whitfield matter involved neglect and incompetence in handling a decree modification and child support arrearage. Roller never deposited the retainer paid by her client into her IOLTA account because her position was that she earned the money before her client paid it. However, Roller never provided the client an invoice for services rendered. Roller charged her client for over $10,000 in services but failed to collect any child support due to her client.

6. The Thomas matter involved a divorce and custody matter. Roller failed to provide regular billing statements to her client. Roller also failed to answer discovery on behalf of her client. Opposing counsel filed an application for attorney's fees, and Roller failed to file an answer or appear on behalf of her client on the application for fees. The district court granted the application in full (over $28,000) against the client. The Guardian ad Litem also filed a contempt citation for failure to pay the GAL fees. Roller failed to respond or appear on behalf of her client regarding the contempt citation. At trial, Roller presented her client while the client was under the influence of narcotics. Roller was also uncooperative with opposing counsel, and she failed to respond timely to pleadings, to appear timely in court, and to dress appropriately for meetings.

7. In multiple matters, Roller had issues with establishing appropriate, professional boundaries with these clients.

d. Roller is aware that these allegations would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 1.6, 1.7, 1.8(b) and (f), 1.9, 1.15, 1.16(d), 3.2, 3.4(b), 3.5(d), 8.4(a), 8.4(c), (d) of the ORPC, and Rule 1.3 of the RGDP, as well as her oath as an attorney.

e. Roller is aware that two additional grievances were filed against her since the OBA filed the Amended Complaint. The Office of the General Counsel of the OBA was investigating the following grievances:

1. Judge Welch Grievance in matter DC-21-176 involved Roller's failure, since May 2021, to correct a proposed order with changes specified by the district court, and in turn, her failure to complete her client's adoption matter.

2. Judge Welch Grievance in matter DC-21-177 involved Roller's neglect on another adoption matter, wherein she failed to appear at a pretrial, to follow the district court's orders and file required pleadings, to file a notice of change of address, and to respond to the district court's inquiries regarding a scheduling conflict. Roller also failed to communicate with her client, which resulted in a delay in the administration of justice.

f. Roller is aware that these two additional grievance allegations would constitute violations of Rules 1.1, 1.3, 1.4, and 8.4(d) of the ORPC and Rule 1.3 of the RGDP.

g. Roller's affidavit of resignation further states:

1. Roller is aware that the OBA has the burden of proving the allegations against her, but she waives any and all rights to contest the allegations.

2. She is aware that approval of her resignation is discretionary with this Court.

3. She is familiar with and agrees to comply with Rule 9.1 of the RGDP, to comply with Rule 11 of the RGDP as a prerequisite to reinstatement, and to make no application for reinstatement prior to the expiration of five (5) years from the effective date of her resignation.

4. She acknowledges that the Client Security Fund may receive claims from her former clients and agrees to reimburse the fund for the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to her reinstatement to the practice of law.

5. She acknowledges and agrees to cooperate with the Office of General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client cases where Roller owes fees or refunds.

6. She acknowledges that the OBA has incurred costs in the investigation of this matter in the amount of $1,107.10, and she agrees that she is responsible to reimburse the same.

7. She has surrendered her OBA membership card to the Office of the General Counsel.

¶3 We determine the effective date of Roller's resignation to be the date Roller executed her affidavit of resignation, November 3, 2021.

¶4 This Court finds Roller's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and is accepted.

¶5 Roller's OBA number is 31698, and her official roster address, as shown by OBA records, is 3410 Drusilla Lane, Baton Rouge, Louisiana 70808.

¶6 IT IS THEREFORE ORDERED that the OBA's Application for Order Approving Resignation is approved, and Roller's resignation is deemed effective on the date Roller executed her resignation, November 3, 2021.

¶7 IT IS FURTHER ORDERED that Roller's name be stricken from the Roll of Attorneys and that she make no application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of her resignation. See RGDP Rules 8.2 and 11.1.

¶8 IT IS FURTHER ORDERED that Roller comply with Rule 9.1 of the RGDP and return all client files and refund unearned fees.

¶9 IT IS FURTHER ORDERED that as a condition of reinstatement, Roller shall reimburse the Client Security Fund for any monies expended because of her malfeasance or nonfeasance. See RGDP Rule 11.1(b).

¶10 IT IS FURTHER ORDERED that the OBA's Application to Assess Costs is sustained. Roller shall pay costs in the amount of $1,107.10 within ninety (90) days of the date of this Order.

¶11 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 10th day of January, 2022.

/S/VICE CHIEF JUSTICE

ALL JUSTICES CONCUR.